UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALI ALTAYE,<br><br>        Plaintiff,<br><br>v.<br><br>DORA PENSAMIENTO, et al.,<br><br>        Defendants. | Case No. 5:18-cv-01679-EJD<br><br>**ORDER TO SHOW CAUSE** |

The instant action was removed to this court by Defendants Dora Pensamiento, Carlos Marroquin, and Selvin Marroquin, doing business as Brother's Truck and Trailer Repair. As it must, the court has reviewed the Notice of Removal and other relevant pleadings to determine whether Defendants have adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). They have not.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the court's statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). Consistent with a federal court's limited jurisdiction, "removal is permissible only where original jurisdiction exists at the time of removal." Lexecon

Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43 (1998). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Defendants state in the Notice of Removal that this court has subject matter jurisdiction under 28 U.S.C. § 1332. "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). Consequently, Defendants must "allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); accord DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Furthermore, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Stated differently, "the presence of a local defendant at the time removal is sought bars removal." Spencer v. U.S. Dist. Ct. for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004).

Here, Defendants indicate in the Notice of Removal that Dora Pensamiento, Carlos Marroquin and Selvin Marroquin are each residents of California. This representation is problematic for two reasons. First, statements revealing an individual's residence, as opposed to their domicile, fail to confirm diversity of citizenship. See Kanter, 265 F.3d at 857 ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). Second, if as the court suspects Defendants are each citizens of California rather than merely residents of the state, they were not permitted to remove this action originally filed in California state court. See 28 U.S.C. § 1441(b)(2).

Because Defendants have not satisfied their obligation to affirmatively demonstrate federal

Case No.: 5:18-cv-01679-EJD
ORDER TO SHOW CAUSE

2

subject matter jurisdiction, the court issues an order to show cause why this action should not be remanded. If Defendants do not, by **April 4, 2018**, file an amended Notice of Removal that establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will remand this action to Santa Clara County Superior Court. See 28 U.S.C. § 1653. No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: March 30, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01679-EJD
ORDER TO SHOW CAUSE

3